JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BOBBI LOMAS

## DEFENDANTS

COMMUNITY EDUCATION CENTERS, INC.

**(b)** County of Residence of First Listed Plaintiff   DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane | **PERSONAL INJURY** ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA, ADA, FMLA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   BERLE M. SCHILLER     DOCKET NUMBER   17-3333

DATE
07/27/2017

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___101 East Elbon Road, Parkside, PA 19015___

Address of Defendant: __500 Cheyney Road, Thornton, PA 19373__

Place of Accident, Incident or Transaction: __500 Cheyney Road, Thornton, PA 19373__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No **X**

Does this case involve multidistrict litigation possibilities?  Yes☐  No **X**

*RELATED CASE, IF ANY:*

Case Number: ___17-3333___  Judge Berle M. Schiller  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

  Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

  Yes ☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

  Yes ☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

  Yes ☐  No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

**Sidney L. Gold, Esquire**
I,_____, counsel of record do hereby certify:

*(Check Appropriate Category)*

  X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  X Relief other than monetary damages is sought.

DATE: __July 27, 2017__  /s/Sidney L. Gold, Esquire  **21374**

  Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __July 27, 2017__  /s/ Sidney L. Gold, Esquire  **21374**

  Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___101 East Elbon Road, Parkside, PA 19015___

Address of Defendant:___500 Cheyney Road, Thornton, PA 19373___

Place of Accident, Incident or Transaction:_500 Cheyney Road, Thornton, PA 19373_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No **X**

Does this case involve multidistrict litigation possibilities?    Yes☐    No **X**

*RELATED CASE, IF ANY:*
Case Number:___17-3333___ Judge_Berle M. Schiller_ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

**Sidney L. Gold, Esquire**
I,_____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE:___July 27, 2017___    /s/Sidney L. Gold, Esquire    21374

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:___July 27, 2017___    /s/ Sidney L. Gold, Esquire    21374

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

### IN THE- UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

BOBBI LOMAS                                              CIVIL ACTION

v

COMMUNITY EDUCATION CENTERS, INC.

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.                                ( )

(b)  Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                            ( )

(e)  Standard Management -- Cases that do not fall into any one of the other tracks.                          (X)

07/27/2017                                        /S/SIDNEY L. GOLD, ESQUIRE

Date                                              Attorney-at-law

                                        ·        /S/SIDNEY L. GOLD, ESQUIRE
                                                 Attorney for Plaintiff

Wiy. 6601 7195

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBI LOMAS,                              :
                                          :
                 *Plaintiff,*             :
                                          :
          v.                              :      CIVIL ACTION NO._____
                                          :
COMMUNITY EDUCATION                       :
CENTERS, INC.,                            :
                                          :
                 *Defendant.*             :

---

## COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT:

1.      This is an action for an award of damages, declaratory and injunctive

relief, attorney's fees and other relief on behalf of Plaintiff, Bobbi Lomas ("Plaintiff

Lomas"), a former employee of Defendant, Community Education Centers, Inc.

("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory

employment practices.

2.      This action is brought under the Age Discrimination in Employment Act,

("ADEA"), 29 U.S.C. §621 et seq., the Americans with Disabilities Act ("ADA"), 42

U.S.C. §12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §2601, et seq.

("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

1

## II.   JURISDICTION AND VENUE:

3.     The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Lomas' claims are substantively based on the ADA, ADEA, and FMLA.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Lomas' claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Lomas has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.   PARTIES:

6.     Plaintiff, Bobbi Lomas ("Plaintiff Lomas"), is a sixty-four (64) year old female individual and citizen of the Commonwealth of Pennsylvania, residing therein at 101 East Elbon Road, Parkside, Pennsylvania 19015.

7.     Defendant, Community Education Centers, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 500 Cheyney Road, Thornton, Pennsylvania 19373.

8.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant has been a "person" and "employer" as defined by the ADEA, ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

10.     Upon information and belief, at all times material hereto, the Defendant employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11.     At all times relevant hereto, Plaintiff Lomas was an "employee" within the meaning of the ADEA, ADA, and PHRA. Furthermore, Plaintiff Lomas was an "eligible employee" as defined under the FMLA and was entitled to the protection of the provisions of said Act.

IV.   **STATEMENT OF FACTS:**

12.     Plaintiff Lomas, a sixty-four (64) year old female, was employed by the Defendant from on or about November 29, 2009 until on or about October 24, 2013, the date of her unlawful termination.

13.     During the course of her employment with Defendant, Plaintiff Lomas held the position of Registered Nurse. At all times relevant hereto, Plaintiff Lomas maintained an excellent job performance rating in said capacity.

14.     By way of background, Plaintiff Lomas suffers from Degenerative Disc Disease and Sacral Fractures. Said medical conditions constitute disabilities within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human

Relations Act ("PHRA") in that they substantially impair one or more of Plaintiff Lomas'

major life activities, including, but not limited to, standing and bending. Said medical

conditions also constitute "serious health conditions" within the meaning of the Family

Medical Leave Act ("FMLA") in that they are chronic conditions that involves periods of

incapacity, absences from work, and continuing treatment by a health care provider.

15.     By way of further background, in or about July of 2012, Defendant hired

Natalie Smith ("Smith") for the position of Health Services Administrator. Thereafter,

Plaintiff Lomas began reporting directly to Smith.

16.     Following Smith's hire, Defendant, through its agents, servants, and

employees, including, but not limited to, Smith, began subjecting Plaintiff Lomas to

discrimination based on her actual and/or perceived disabilities and/or record of

impairment (Degenerative Disc Disease, Sacral Fractures) and age (64).

17.     By way of example, Smith exhibited overt hostility toward Plaintiff Lomas

and other employees over the age of forty (40) including, but not limited to, Laura

Maturo ("Maturo"), Pharmacy Coordinator, Tom Freel ("Freel"), Chronic Care Nurse,

and Paul Ren ("Ren"), Registered Nurse, and unjustifiably criticized their job

performance. Additionally, Smith demanded that said employees perform a

disproportionate amount of work and required them to perform tasks beyond their job

descriptions. Notably, Smith did not subject similarly-situated, significantly younger

individuals to similar treatment.

18.     As further discrimination, Smith questioned Plaintiff Lomas regarding her retirement plans and repeatedly asked when Plaintiff Lomas intended to retire. In response thereto, Plaintiff Lomas informed Smith that she intended to continue to work indefinitely and that she had no plans to retire. Furthermore, when the Plaintiff Lomas registered for an online course to further her education, Smith sneered, "aren't you too old to go back to school?" thereby evidencing her discriminatory animus against Plaintiff Lomas based on her age.

19.     Furthermore, Smith regularly made disparaging comments regarding Plaintiff Lomas' disability. By way of elaboration, Smith commented that Plaintiff Lomas appeared "frail" and attributed said erroneous perception to Plaintiff Lomas' disability. Furthermore, Smith interrogated Plaintiff Lomas regarding her health and regularly insinuated that she was too ill to perform her job responsibilities. Smith's remarks directly evidence her discriminatory animus against Plaintiff Lomas based on her disability.

20.     Additionally, Smith regularly held Plaintiff Lomas accountable for various issues over which she had no control and instructed her to complete tasks only to reprimand her for doing the same. By way of example, Smith held Plaintiff Lomas accountable for the whereabouts of all HIV medication, despite the fact that Plaintiff Lomas did not access said mediations. Furthermore, Smith held Plaintiff Lomas accountable for the intake process of mid-level practitioners, a responsibility of the

5

Medical Director. Notably, Smith did not subject similarly-situated, significantly younger, non-disabled individuals to similar treatment.

21.     In or about April, May, and June of 2013, Plaintiff Lomas registered complaints of discrimination with Cameron Lindsey ("Lindsey"), Warden, Bruce Sinclair ("Sinclair"), Supervisor, and Linda Pansulla ("Pansulla"), Director of Medical Operations. However, said individuals failed to conduct an investigation or otherwise take steps to cause the discriminatory conduct to cease.

22.     On or about July 11, 2013, Smith demanded that Plaintiff Lomas assist with an inmate cell extraction. During said extraction, Plaintiff Lomas was exposed to a substantial amount of highly potent pepper spray which caused Plaintiff Lomas to uncontrollably cough. Notably, Defendant failed to provide Plaintiff Lomas with the proper safety equipment for exposure to said pepper spray.

23.     On or about July 12, 2013, Plaintiff Lomas visited her physician and was diagnosed with re-aggravation of her Degenerative Disc Disease. As a result thereof, Plaintiff Lomas requested a temporary modified work schedule as a reasonable accommodation for her disability. For the following several days, Plaintiff Lomas attempted to work several hours per day, despite suffering from excruciating pain.

24.     On or about July 19, 2013, as a result of continued symptoms associated with her disability, Plaintiff Lomas requested a brief medical leave of absence pursuant to

the Family and Medical Leave Act ("FMLA") as a reasonable accommodation for her disability, and commenced said leave of absence.

25.    Shortly after her request for medical leave, Plaintiff Lomas was diagnosed with a Thoracic Herniated Disc and Partial Deafness. Notably, Plaintiff Lomas' Partial Deafness resulted from severe sinus and ear infections arising from her exposure to the aforementioned pepper spray. Said medical conditions constitute disabilities within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or more of Plaintiff Lomas' major life activities, including, but not limited to, standing, bending, and hearing. Said medical conditions also constitute "serious health conditions" within the meaning of the Family Medical Leave Act ("FMLA") in that they are conditions that involves periods of incapacity, absences from work, and continuing treatment by a health care provider.

26.    Thereafter, Defendant began retaliating against Plaintiff Lomas for requesting a reasonable accommodation for her disabilities and utilizing medical leave pursuant to the FMLA.

27.    By way of example, on or about August 1, 2013, Plaintiff Lomas' physician informed Plaintiff Lomas that Defendant had contacted him by telephone. During said conversation, Defendant interrogated Plaintiff Lomas' physician regarding Plaintiff Lomas' disabilities and insisted that he provide written instructions permitting Plaintiff

Lomas to return to work. Plaintiff Lomas' physician refused to do so, as Plaintiff Lomas was medically unable to return to work at that time.

28.     By way of further example, on or about August 2, 2013, while Plaintiff Lomas was on medical leave, Smith abruptly issued to her an unjustified written disciplinary warning, allegedly based on "absences" during the week following the pepper spray incident. Curiously, Plaintiff Lomas was not absent from work, but rather requested a modified work schedule as a reasonable accommodation for her disabilities. Furthermore, Defendant granted Plaintiff Lomas' requests for the same.

29.     As further evidence of Smith's discriminatory and retaliatory animus, on or about August 1, 2013, immediately following the Defendant's unlawful termination of Maturo, an individual who was on a medical leave of absence pursuant to the FMLA at the time of her termination, Smith held a department meeting during which she informed all employees that no one was permitted to utilize FMLA leave.

30.     Furthermore, on or about August 28, 2013, Defendant sent a letter to Plaintiff Lomas stating that Defendant would terminate her employment if she could not return to work by October 12, 2013, thereby evidencing Defendant's refusal to engage in the interactive process with Plaintiff Lomas.

31.     On or about September 20, 2013, Plaintiff Lomas provided the Defendant with a note from her physician releasing her to return to work with temporary restrictions. Specifically, Plaintiff Lomas' physician instructed her to avoid slippery floors and

exposure to irritant aerosol sprays and to refrain from lifting heavy objects. Plaintiff Lomas requested that Defendant accommodate said restrictions as a reasonable accommodation for her disabilities.

32.     In response thereto, Defendant flatly denied Plaintiff Lomas' request for a reasonable accommodation and refused to allow her to return to work. Furthermore, the Defendant informed Plaintiff Lomas that she could only return to work when she could work without restrictions, thereby refusing to accommodate Plaintiff Lomas. Notably, Defendant provided similar accommodations to similarly-situated, non-disabled individuals.

33.     On or about October 23, 2013, Plaintiff Lomas testified at Maturo's unemployment hearing and corroborated Maturo's allegations of age and disability discrimination.

34.     On or about October 24, 2013, in a blatant act of retaliation, Defendant terminated Plaintiff Lomas' employment, allegedly based on her failure to return to work by October 12, 2013 without restrictions.

35.     Plaintiff Lomas believes and avers that her termination was based on her actual and/or perceived disabilities and/or record of impairment (Degenerative Disc Disease, Thoracic Herniated Disc) and/or age (64) and/or in retaliation for requesting a reasonable accommodation for her disabilities and/or opposing unlawful discrimination in the workplace.

9

## COUNT I
### (ADA - Disability Discrimination and Retaliation)
### Plaintiff Lomas v. the Defendant

36.     Plaintiff Lomas incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth at length herein.

37.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Lomas to discrimination on the basis of her actual and/or perceived disability and/or record of impairment (Degenerative Disc Disease, Sacral Fractures, Thoracic Herniated Disc, Hearing Loss), and retaliation for requesting a reasonable accommodation for her disability and/or opposing unlawful disability discrimination in the workplace, constituted violations of the ADA.

38.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Lomas sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Lomas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADEA - Age Discrimination and Retaliation)
### Plaintiff Lomas v. Defendant

40.     Plaintiff Lomas incorporates by reference paragraphs 1 through 39 of her Complaint as though fully set forth at length herein.

41.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Lomas to discrimination on the basis of her age (64) and retaliating against her for opposing unlawful age discrimination in the workplace, and in knowing or showing reckless disregard for whether its conduct was prohibited by statute, constituted willful violations of the ADEA.

42.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Lomas sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT III
### (PHRA - Disability Discrimination, Age Discrimination and Retaliation)
### Plaintiff Lomas v. the Defendant

43.     Plaintiff Lomas incorporates by reference paragraphs 1 through 42 of her Complaint as though fully set forth at length herein.

44.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Lomas to discrimination on the basis of her actual and/or perceived disability and/or record of impairment (Degenerative Disc Disease, Sacral Fractures, Thoracic Herniated Disc, Hearing Loss) and/or age (64), and retaliating against her for requesting a reasonable accommodation for her disabilities and/or opposing unlawful age and disability discrimination in the workplace, constituted violations of the PHRA.

45.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Lomas sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

46.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Lomas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (FMLA Retaliation)
### Plaintiff Lomas v. the Defendant

47.     Plaintiff Lomas incorporates by reference paragraphs 1 through 46 of her Complaint as though fully set forth herein.

12

48.     The actions of the Defendant as set forth herein, including, *inter alia*, terminating Plaintiff Lomas' employment, were retaliatory and in retribution for Plaintiff Lomas' legitimate exercise of her rights under the FMLA.

49.     The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Lomas' rights.

50.     As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Lomas has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

51.     Plaintiff Lomas incorporates by reference paragraphs 1 through 50 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Lomas requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.     Defendant compensate Plaintiff Lomas with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.     Defendant compensate Plaintiff Lomas with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff Lomas punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

13

d.      Defendant pay to Plaintiff Lomas pre and post judgment interest, costs of suit

and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Lomas demands trial by jury.


SIDNEY L. GOLD & ASSOC., P.C.

By:     /s/ Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.:  21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorneys for Plaintiff**

DATED:     July 27, 2017

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 7/24/17

BOBBI LOMAS, PLAINTIFF